UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerome Hopkins, II, | ) | Civil Action No.:  9:15-cv-04932-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. T. Jacobs, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Jerome Hopkins, II, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983

against the above named Defendant alleging violations of his constitutional rights. *See* ECF No. 1.  The

matter is before the Court for review of the Report and Recommendation (R & R) of United States

Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule

73.02 for the District of South Carolina.[1]  *See* R & R, ECF No. 24.  The Magistrate Judge recommends

the Court dismiss this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil

Procedure 41(b).  *Id.* at 2.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with this Court.

*See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a de novo

determination of those portions of the R & R to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit

---

[1]      The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C.
§§ 1915(e)(2) and 1915A.  The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See*
*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278
(4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits.
*Gordon* directs district courts to construe pro se complaints liberally.  It does not require those courts to conjure up
questions never squarely presented to them.").

the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R.[2]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error.  Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 24] of the Magistrate Judge.  It is therefore **ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to prosecute and that Defendant's motion to dismiss [ECF No. 18] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Florence, South Carolina                                    s/ R. Bryan Harwell
April 11, 2016                                                    R. Bryan Harwell
                                                                    United States District Judge

---

[2]      The Clerk mailed Petitioner a copy of the R & R on March 4, 2016. ECF No. 25. On March 22, 2016, that mailing was returned as undeliverable; the envelope was marked "out of jail." ECF No. 26.

The record shows that on December 17, 2015 (eight days after Plaintiff commenced this action), the Magistrate Judge issued an order informing Petitioner that he was responsible for notifying the Clerk in writing if his address changed, that his failure to do so would not be excused by the Court, and that "**your case may be dismissed for violating this order.**" ECF No. 8 at 2. Petitioner, who apparently has been released from jail, has failed to notify the Clerk of his new address and thus has failed to comply with the December 17 order. *See generally Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (finding the district court did not abuse its discretion in dismissing the plaintiff's action with prejudice because the magistrate judge "specifically warned [the plaintiff] that failure to comply with [an] order would result in a recommendation that the district court dismiss the suit").